902 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ellen S. CAMPBELL and William Campbell, Plaintiff-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2438.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1990.
Decided May 1, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, District Judge. (No. 2:87-0759-1, CA-87-2634)
 Mark Charles Tanenbaum, Mark C. Tanenbaum, P.A., Charleston, S.C. (Argued), for appellants; Lawrence A. Dodds, Jr., Dodds & Hennessy, Mount Pleasant, S.C., on brief.
 Glen E. Craig, Assistant United States Attorney, Columbia, S.C. (Argued) for appellee; E. Bart Daniel, United States Attorney, John H. Douglas, Assistant United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants initiated this Federal Tort Claims Act (FTCA) claim, 28 U.S.C. Secs. 1346(b) and 2671, et seq., which arose out of a slip and fall at a military officers' club. A two day bench trial resulted in a judgment against appellants. We agree with the district court that appellants failed to introduce sufficient evidence of proximate cause and affirm the denial of damages to appellants.
 
 I.
 
 2
 Appellants Ellen and William Campbell brought this FTCA action to recover damages for injuries sustained when Mrs. Campbell, while jitterbugging at a wedding reception at the Charleston Naval Base officers' club, allegedly caught her shoe on a metal strip separating the parquet dance floor from the carpeted dining area. Mrs. Campbell fractured her left wrist and pelvis. Her husband alleged loss of consortium. Appellants contended that the one inch aluminum strip which provided a transition from the carpeted dining area to the tiled dance floor was negligently installed and maintained in that sections of the strip were missing, dented, and improperly anchored to the floor.
 
 
 3
 After the government denied their administrative claim, appellants initiated this action in the District Court of South Carolina. The district judge, finding that Mrs. Campbell was a "licensee" rather than an "invitee" on appellee's premises, and concluding that issues of fact existed as to whether appellee knew or should have known of the defect, denied appellee's motion for summary judgment. After a bench trial, the court ruled that because the dangerous condition presented by the strip was not hidden or concealed appellee had no duty to warn appellants of the hazard. The court further ruled that appellants failed to introduce sufficient evidence to prove that the metal strip surrounding the dance floor was the proximate cause of Mrs. Campbell's fall. Accordingly, the district judge found for appellee. This appeal followed.
 
 II.
 
 4
 Appellants raise various questions on appeal, including whether the lower court erred in determining that Mrs. Campbell was a licensee rather than an invitee, whether the court erred in determining that the condition was open and obvious, and whether the court erred in holding that appellants failed to prove that the metal strip was the proximate cause of Mrs. Campbell's fall. Having considered the issues raised by appellants, we conclude that as to their third issue, the evidence presented at trial was, as the trial court determined, insufficient to prove proximate cause. Accordingly, we will affirm the ruling of the district judge as to appellants' third issue without addressing the remaining issues.
 
 
 5
 An appellate court's role in reviewing factual findings of a district court is limited. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, then we cannot reverse. Likewise, ... no clear error [exists] if there are two permissible views of the evidence, and the district court as fact finder chooses one over the other." Davis v. Food Lion, 792 F.2d 1274 (4th Cir.1986) (citation omitted). Accordingly, we may reverse the district judge's factual findings regarding causation only if those findings are clearly erroneous.
 
 
 6
 Addressing the element of proximate cause, the district judge recognized that "[n]egligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided." Hughes v. Children's Clinic, P.A., 269 S.C. 389, 237 S.E.2d 753 (1977). Finding insufficient evidence that the transitional strip surrounding the dance floor was the obstruction which caused Mrs. Campbell's fall and resulting injuries, the district court was unable to conclude that Mrs. Campbell would not have fallen but for the dangerous condition created by the strip. Accordingly, the district judge denied recovery to appellants.
 
 
 7
 We agree with the district judge's resolution. Regarding causation, Mrs. Campbell testified that she did not know what she hit. Joint Appendix, p. 234. Other testimony regarding causation was given by Mrs. Campbell's niece, who failed to testify on direct that Mrs. Campbell's foot hit the metal strip, although on redirect she did agree with counsel that she had previously stated that Mrs. Campbell's foot hit the edging of the dance floor. Joint Appendix, pp. 105, 116. Having reviewed the evidence of causation presented to the district judge, we conclude that his determination that appellant failed to prove that her injuries were proximately caused by the metal strip surrounding the dance floor was not clearly erroneous. The judgment of the district court is therefore
 
 
 8
 AFFIRMED.